UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VELTRA MORAN, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5: 21-260-DCR |
| V. | ) ) | |
| WAL-MART, INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Veltra Moran filed suit against Defendant Walmart, Inc., for injuries sustained when a soft drink display fell on her while she was shopping at a Walmart store in Berea, Kentucky. [Record No. 1] Walmart removed the matter to this Court after Moran denied Walmart's request for admission that she would not seek damages in excess of $75,000.00, exclusive of interest and costs. [Record No. 1-5, p. 2] Moran responded with a motion to remand the matter back to the Madison Circuit Court. [Record No. 5] She asserts that Walmart has not established that the jurisdictional minimum has been met to invoke this Court's diversity jurisdiction. [*Id*.] Walmart counters that the amount in controversy requirement is met, based on Moran's denial of Walmart's request for admission that she would not seek more than $75,000.00, exclusive of interest and costs. [Record No. 6]

A defendant may remove a case to federal court if the court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). When only state-law causes of action are alleged, federal district courts have original jurisdiction over a case if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of

interest and costs. 28 U.S.C. § 1332(a). When a plaintiff moves to remand the action to state court, the defendant bears the burden of proving by a preponderance of evidence that the requirements for diversity of citizenship jurisdiction are met. *Williams v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007); *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019). Courts assess jurisdiction at the time of removal. *Id*.

All parties agree that the defendant is a citizen of Delaware and Arkansas, and the plaintiff is a citizen of Kentucky. Thus, diversity of citizenship of the parties is not at issue. Instead, the dispute is whether the plaintiff's damages exceed $75,000.00, exclusive of interest and costs. The amount in controversy is not ascertainable from the face of the plaintiff's complaint. As a result, Walmart requested that Moran admit that she would not seek damages in excess of $75,000.00, exclusive of interest and costs. In response, Moran denied the request, contending that her damages were presently unknown and noting that she was still receiving medical care for her injuries. Walmart relies on the denial of Moran's request for admission to support the conclusion that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

The defendant cites *Powell v. Wal-Mart Stores, Inc*. in support of its argument that the matter was properly removed to this Court. No. 14-155-HRW, 2015 U.S. Dist. LEXIS 56513 (E.D. Ky. April 30, 2015). In *Powell*, the Court concluded that remand was not warranted because the denial of a request for admission provided competent proof that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. *Id*. at *6; *see also King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 fn. 2 (E.D. Ky. 2009) (explaining that pre-removal interrogatories can provide competent proof of the amount in controversy). In the plaintiff's complaint the amount in controversy did not include a specific amount, only that

the amount in controversy was "sufficient to invoke the jurisdiction of the Boyd Circuit Court." 2015 U.S. Dist. LEXIS 56513 at *2. The plaintiff later denied a request for admission asking her to "[p]lease admit that you will not seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter." *Id*. This Court concluded that "Plaintiff denied Defendants' Request for Admission regarding the amount in controversy. Plaintiff's own denial provided the competent proof required to establish the amount in controversy." *Id*. at *6.

This matter is nearly identical to *Powell*. Moran's complaint did not include a specific monetary value of her damages, but she later denied a request for admission asking her to admit that she would not seek damages in excess of $75,000.00, exclusive of interest and costs. *Id*.; *see also Miller v. Malik*, No. 11-74-ART, 2011 U.S. Dist. LEXIS 79946, at *2 (E.D. Ky. July 20, 2011); *McLain v. Am. Int'l Recovery, Inc*., 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) ("[T]he defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000. If the plaintiff denies this request, the case can be removed and this discovery response should be filed in the record."). Similar to *Powell*, Moran's denial of the request for admission provides competent proof that the jurisdictional requirement for amount in controversy is met.

Notwithstanding the factual similarities between this case and *Powell*, the plaintiff argues that *Reynolds v. Wal-Mart* supports the conclusion that remand is appropriate in this case. No. 5: 17-cv-497-DCR, 2018 U.S. Dist. LEXIS 18067 (E.D. Ky. Feb. 5, 2018). In *Reynolds*, this Court granted a motion to remand where it was not clear that the plaintiff's damages exceeded $75,000.00, exclusive of interest and costs. In her complaint, the plaintiff

"sought unspecified damages for mental pain and suffering, lost wages, impaired earning capacity, and medical expenses." *Id*. at *2.

This Court explained that a pre-suit settlement demand of $100,000 lacked sufficient information to corroborate the amount of her claim, because the demand letter merely indicated that "her medical bills totaled $23,820.10 and she had sustained $8,072.00 in lost wages." *Id*. at *4.  And while pre-suit demand letters may provide some evidence of the amount in controversy, "standing alone, they generally do not constitute a preponderance of the evidence" because pre-suit demands generally high-ball the worth of the plaintiff's case. *Id*. The Court concluded that, without additional evidence beyond the pre-suit demand, the defendant did not have "actual notice" of the amount in controversy. *Id*. at *5.  And after an independent assessment of the matter, the Court held that the plaintiff had not shown by a preponderance of the evidence that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. *Id*. at *6.

Moran argues that this case is similar to *Reynolds* because removal is based on the pre-suit demand made to Walmart's claim handling unit and pre-suit demands are not competent proof of amount in controversy.  But Walmart explains in both the notice of removal and in its response that it is relying on the denial of the request for admission to prove the amount in controversy, not the pre-suit demand.   [Record No. 1, p. 2; Record No. 6, pp. 5-6] Additionally, while *Reynolds* was originally remanded for lack of competent proof to determine the amount in controversy, the case was later properly removed to this Court when Walmart relied on the denial of a request for admission regarding the amount in controversy. *See Reynolds v. Wal-Mart Stores East, Ltd. P'ship dba Mount Sterling Wal-Mart Supercenter #1140*, Case: 5:18-cv-00052-DCR-EBA, Walmart's Notice of Removal, p. 4, ¶¶ 5-7, Docket

No. 1, (E.D. Ky. Feb. 28, 2018).  Because Moran's denial of the request for admission provides competent proof that the amount in controversy is more than $75,000.00, exclusive of interest and costs, the plaintiff's motion to remand will be denied.

Finally, the plaintiff requests attorney's fees pursuant to 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  If a reasonable basis for removal exists, then the Court should deny the request for attorney's fees.  *Id.*; *Walker v. Ky. Hosp., LLC*, No. 5:14-421-KKC, 2015 U.S. Dist. LEXIS 13309, at *8 (E.D. Ky. Feb. 3, 2015).  Here, a reasonable basis exists for removal.

Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Veltra Moran's motion to remand [Record No. 5] is **DENIED**.

2. Moran's request for attorney's fees is **DENIED**.

Dated: December 9, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky