UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VELTRA MORAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-260-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WAL-MART, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Coca-Cola Company has filed a motion for summary judgment, contending that the claims brought against it are time-barred.  [Record No. 33] Alternatively, it argues that it is not a proper party to this litigation.  Plaintiff Veltra Moran opposes the motion because she has no knowledge "as to which Coca-Cola entity is truly responsible for the display [that caused her injuries] beyond those contradictory facts represented by the Defendants." [Record No. 34] Moran has also filed a second motion to amend her complaint to add an additional party.  [Record No. 35]

Because the amendment adding Coca-Cola Company as a party is time-barred, the defendant's motion for summary judgment will be granted.  And Moran's motion to amend her complaint will be denied because asserting claims at this time against Coca-Cola Consolidated would be futile.

## I.

Moran was allegedly injured on September 25, 2020, when a soft drink display fell on her while she was shopping at a Wal-Mart store in Berea, Kentucky.  [Record No. 1] Moran

filed suit in the Madison Circuit Court on August 8, 2021, and Wal-Mart later removed the matter to this Court.  The plaintiff requested to amend her complaint on March 8, 2022, to assert claims against Coca-Cola Company.  [Record No. 19]  That request was granted and her amended complaint was filed the following day.  [Record No. 20]

Thereafter, Defendant Coca-Cola Company entered an appearance and filed a motion for summary judgment.  It contends that the statute of limitations has run and/or it is not a proper party to this action because it does not distribute Coca-Cola products in Berea, Kentucky.  [Record No. 33]  Moran opposes the motion, but does not address the statute of limitations argument presented by the Coca-Cola Company.  [Record No. 34]  However, as noted, Moran filed a second motion to amend her complaint to add Coca-Cola Consolidated, Inc., as an additional defendant.  [Record No. 35]

**II**.

Summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co*., 285 F.3d 415, 424 (6th Cir. 2002).  The determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party in deciding whether summary judgment is appropriate. *Matsushita Elec. Indus. Co*., 475 U.S. at 58.

# III.

Kentucky law provides a one-year statute of limitations for personal injury actions.[1] Ky. Rev. Stat. § 413.140(1)(A). "Where . . . the defendant moves for summary judgment based on statute-of-limitation grounds, [such relief] is appropriate if the statute of limitations has run and there is no genuine issue of material fact as to when the plaintiff's cause of action accrued." *Swanson v. Wilson*, 423 F. App'x 587, 592 (6th Cir. 2011) (referencing *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

However, the Federal Rules of Civil Procedure allow claims that are asserted after the statute of limitations has run to be considered if the claims "relate back" to the filing of the original complaint. Fed. R. Civ. P. 15. More specifically, Rule 15(c) of the Federal Rules of Civil Procedure states:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Generally, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material*

---

[1] A district court utilizes the state statute of limitations when sitting in diversity. *Swanson*, 423 F. App'x at 592 (citing *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir.1996)).

*Handling, Inc*., 596 F.3d 313, 318 (6th Cir. 2010); *see also Kelter v. WASP, Inc*., 5. F. Supp.

3d 856, 864-65 (W.D. Ky. 2014) (explaining that Rule 15(c) cannot be used to add a new party,

it can only be used to correct "a misnamed plaintiff or exchange one party for another").  Coca-

Cola Company contends that the amended complaint, which was filed on March 9, 2022, added

a new party and, under Sixth Circuit authority, the amendment cannot relate back to the filing

of the original complaint.

All parties agree that Moran's alleged injuries occurred on September 25, 2020.

Accordingly, the amendment was outside the one-year statute of limitations for personal injury

cases and must relate back to the filing of the original complaint or it is time-barred.  In her

response, Moran does not address this argument.

Coca-Cola Company cites *Asher* in support of its argument that an amendment adding

a new party cannot relate back for statute of limitations purposes.  596 F.3d at 317-20.  There,

the Sixth Circuit specifically stated "[t]he precedent of this circuit clearly holds that an

amendment which adds a new party creates a new cause of action and there is no relation back

to the original filing for purposes of limitations."  *Id*. at 318 (citations and quotations omitted);

*see also United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co*., 359

F.2d 521, 523 (6th Cir. 1966) (explaining that adding a new party creates "a new and

independent cause of action which cannot be maintained when the statute has run, for the

amendment is one of substance rather than one of form and brings into being one not presently

in court.").  Instead, as the court noted, the purpose of relation back under Rule 15(c)(1)(C) is

to exchange a party or change the name of a party, not to add new parties.  *Asher*, 595 F.3d at

319; *Ham v. Sterling Ergency Servs. of the Midwest, Inc*., 575 F. App'x 610, 615 (6th Cir.

2014) ("An amendment that *changes* the party against whom a claim is asserted relates back

- 4 -

under Rule 15 if the remaining requirements of Rule 15(c)(1)(C) are met.") (emphasis added) (cleaned up).

Here, the one-year statute of limitations expired on September 26, 2021, but Moran did not move to amend her complaint until March 8, 2022. The plaintiff's amended complaint added a new party, which created a new cause of action that does not relate back to the filing of the original complaint. The amended complaint clearly added an additional party, not substituted or exchanged Coca-Cola Company with a party already involved in this action. Nor did her amended complaint merely fix a mistake regarding a party's identity. As a result, the claim asserted in Moran's first amended complaint against Coca-Cola Company is time-barred.

Similarly, as outlined above, Moran filed a second motion to amend her complaint seeking to add Coca-Cola Consolidated, Inc. as a defendant. While this Court should freely grant leave to amend pleadings when justice so requires (*see* Fed. R. Civ. P. 15(a)(2)), such permission "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 272, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). In the present case, Moran second amended complaint would be futile because, just like the addition of the Coca-Cola Company, adding Coca-Cola Consolidated is barred by the statute of limitations.

Accordingly, it is hereby **ORDERED** as follows:

1.     Defendant The Coca-Cola Company's motion for summary judgment [Record No. 33] is **GRANTED**.

- 5 -

      2.      Defendant The Coca-Cola Company is **DISMISSED** with prejudice as a party to this action.

      3.      Plaintiff Veltra Moran's second motion to amend her complaint [Record No. 35] is **DENIED**.

      Dated:  June 6, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky