UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VELTRA MORAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-260-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WAL-MART, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Veltra Moran has filed a motion to alter or amend the Court's June 6, 2022, Order granting summary judgment in favor of the Coca-Cola Company and denying Moran's second motion to amend her Complaint.   [Record No. 43] Moran asserts that the Court committed a clear error of law by concluding that the addition of Coca-Cola was barred by the statute of limitations.   The plaintiff is incorrect; her motion will be denied.

**I.**

As detailed previously in multiple opinions, Moran was allegedly injured on September 25, 2020, when a soft drink display collapsed on her while Moran was shopping at a Walmart store in Berea, Kentucky.   [Record No. 1]  She originally filed her lawsuit in the Madison Circuit Court on August 8, 2021.   Thereafter, Walmart removed the matter to this Court. Moran moved to amend her Complaint on March 8, 2022, to add the Coca-Cola Company as a defendant.   That request was granted and an amended Complaint was filed the next day. [Record No. 20]

Coca-Cola then entered an appearance and filed a motion for summary judgment, asserting that the statute of limitations had run and the claims made against it should be dismissed.  [Record No. 33] Moran opposed the motion, but *never* addressed the Coca-Cola Company's statute of limitations argument.  [Record No. 34] Instead, Moran filed a second motion to amend her Complaint to add a different Coca-Cola entity as a new defendant. [Record No. 35]

The Court granted the Coca-Cola Company's motion for summary judgment because Moran's amendment was filed outside of the one-year statute of limitations and the amendment could not relate back to the filing of the original Complaint.  The Court explained that, under relevant circuit authority, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations."  [Record No. 41 (citing *Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 318 (6th Cir. 2010).] Relatedly, the Court denied Moran's second motion to amend her Complaint to add an additional Coca-Cola entity because the amendment was futile due to the expiration of the statute of limitations.

## II.

The plaintiff attempts to bring her motion to reconsider under Rules 59(e) and 60 of the Federal Rules of Civil Procedure.  However, both rules apply only to final judgments. *Simmerman v. Ace Bayou Corp*., 304 F.R.D. 516, 518 (E.D. Ky. 2015) ("Rule 59(e), by its own terms, applies only to judgments.  Likewise, Rule 60(b) applies only to 'final' orders and judgments.").  Here, Moran still has claims pending against Walmart, and "an order of dismissal as to less than all defendants is not a final order."  *Davey v. St. John Health*, 297 F. App'x 466, 469 (6th Cir. 2008).

- 2 -

Instead, the proper procedural mechanism to consider the plaintiff's motion to reconsider is Rule 54(b) of the Federal Rules of Civil Procedure which provides district courts with the "inherent authority . . . to reconsider interlocutory orders and re-open any part of a case prior to the entry of final judgment." *Simmerman*, 304 F.R.D. at 518. The Court may reconsider an interlocutory order "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (citing *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)).

### III.

A one-year statute of limitations applies to personal injury actions in Kentucky. Ky. Rev. Stat. § 413.140(1)(A). The crux of Moran's motion is that her claims are not time-barred under the statute of limitations because her claims did not "accrue" until February 2022 under the discovery rule.[1] Alternatively, she argues that extraordinary circumstances prevented the timely filing of her claims against the Coca-Cola Company and the doctrine of equitable tolling should apply.

At the outset, the Court notes that both arguments could have been raised in response to the Coca-Cola Company's motion for summary judgment. However, Moran chose to ignore this issue initially. Generally, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007). Specifically, "[a] motion

---

[1] The plaintiff also argues that this Court's decision is improper under *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005), which she cites to discuss the standard of review under Rule 59€ of the Federal Rules of Civil Procedure. But as discussed above, Rule 59(e) is not the proper mechanism to challenge the Court's previous ruling.

under Rule 54(b) [] may not 'serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.'" *Madden v. City of Chattanooga*, No. 108-cv-160, 2010 U.S. Dist. LEXIS 14865, at *2 (E.D. Tenn. Feb. 19, 2010).  For this reason alone, her motion could be denied.  Notwithstanding this fact, Moran's arguments fail on the merits.

### A.

Moran argues that the discovery rule is applicable to her claims.  She contends that the statute of limitations did not begin to run until February 2022, when she discovered that Coca-Cola may have caused her injuries.  "Under the 'discovery rule,' a cause of action will not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only that [she] has been injured but also that [her] injury may have been caused by the defendant's conduct."  *Sneed v. Univ. of Louisville Hosp.*, 600 S.W.3d 221, 226 (Ky. 2020) (citing *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000)).

The discovery rule is "available only in the limited circumstances in which an injury is not readily discoverable or ascertainable."  *Mgg. Inv. Grp. LP v. Mull Enters.*, No. 2020-CA-0478-MR, 2021 Ky. App. LEXIS 118, at *23 (Ky. Ct. App. Nov. 12, 2021).  Generally, this rule is applied only "in cases of medical malpractice or latent injuries or illnesses."  *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010).

> [T]he discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or misrepresentation by the defendant of his role in causing the plaintiff's injuries.  A person who has knowledge of injury is put on 'notice to investigate' and discover, within the statutory time constraints, the identity of the tortfeasor.

*Wright v. Swigart*, 2018 Ky. App. Unpub. LEXIS 49, at *9-10 (Ky. Ct. App. Jan. 26, 2018) (citing *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky. Ct. App. 1999)).

Moran relies on *Wiseman v. Alliant Hosps., Inc.*, in support of her argument that her cause of action did not accrue until February 2022, when Walmart identified one Coca-Cola entity as the potential responsible party for her injuries. 337 S.W.3d 709, 712 (Ky. 2000). In *Wiseman*, the Kentucky Supreme Court applied the discovery rule where the plaintiff found several months following surgery that her post-surgical pain stemmed from a medical instrument left in her body after surgery. *Id.* at 712-13. The court explained that the plaintiff's injury was not readily apparent until the medical instrument was discovered, and she did not have a viable claim for medical malpractice until that discovery. *Id.* at 713.

But unlike the plaintiff in *Wiseman* who could not have reasonably known or should have known that her injury was caused by the medical instrument being left in her body, Moran could have or should have known the correct Coca-Cola entity may have been responsible for her injury. While the accident occurred inside a Walmart store, the display that fell on her was a soft drink display. Additionally, Moran clearly had knowledge of her injury on the day that it occurred. Thus, she knew or should have known that she had a legally cognizable injury on the date the display fell. And "a person who has knowledge of injury is put on 'notice to investigate' and discover, within the statutory time constraints, the identity of the tortfeasor." *Wright v. Swigart*, 2018 Ky. App. Unpub. LEXIS 49 at *9-10.

The discovery rule does not apply here because Moran's injuries were immediately apparent and she could have discovered the identity of the alleged tortfeasor soon thereafter.

- 5 -

### B.

Alternatively, Moran requests that the Court reconsider its previous decision because extraordinary circumstances outside her control prevented the timely addition of a Coca-Cola entity to this matter. She asserts that Walmart's failure to identify within the limitations period which Coca-Cola bottler controlled the soft drink display, despite her requests, constitutes an extraordinary or exceptional circumstance that would justify the application of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560-61 (6th Cir. 2000)). The application of equitable tolling requires that a plaintiff have diligently pursued her rights, but some extraordinary circumstance prevented her from timely filing her claims. *Williams v. Hawkins*, 594 S.W.3d 189, 193 (Ky. 2020) (referencing *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Courts "sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61.

Here, Walmart's failure to identify the purported Coca-Cola entity responsible for the soft drink display within the limitations period is not an exceptional or extraordinary circumstance outside of the plaintiff's control that would justify equitable tolling.[2] For

---

[2] Moran also argues that she would "not inherently have notice that the soft drink display in the Wal-Mart store was under the control of anyone but Wal-Mart" and that "there are approximately seventy (70) independent Coca-Cola bottlers across the country." She contends that her only avenue for relief would have been to sue all 70 Coca-Cola entities. But unlike the addition of a new party, Rule 15 does allow a plaintiff to substitute a different party. *Ham v. Sterling Emergency Servs. of the Midwest, Inc*., 575 F. App'x 610, 615 (6th Cir. 2014) ("An

- 6 -

example, and as the defendant notes, "information regarding Coca-Cola bottlers and their respective geographical territories is publicly available to any interested party via a Coca-Cola website that allows anyone to identify the proper Coca-Cola bottler for any given zip code in the United States."  [Record No. 47, p. 3; https://www.cokesolutions.com/equipment/find-your-local-contact.html (last visited June 13, 2022).]  Thus, there were other avenues well within the plaintiff's control that Moran could have utilized to determine the Coca-Cola entity responsible for the soft drink display here in issue.  Accordingly, there are no extraordinary circumstances outside of the plaintiff's control that would warrant the application of equitable tolling.

**IV.**

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Moran's motion to reconsider [Record No. 43] is **DENIED**.

Dated: June 27, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

amendment that *changes* the party against whom a claim is asserted relates back under Rule 15 if the remaining requirements of Rule 15(c)(1)(C) are met.") (emphasis added) (cleaned up).  She theoretically could have sued a Coca-Cola entity, knowing that it was the type of soft drink display that fell on her, and then substituted the correct entity once she discovered which one serviced the Berea Walmart.