UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| VELTRA MORAN, | ) |
|     Plaintiff, | ) |
| V. | ) Civil Action No. 5: 21-260-DCR |
| WAL-MART, INC., | ) |
|     Defendant/Third Party Plaintiff, | ) |
| V. | ) **MEMORANDUM OPINION** |
| COCA-COLA CONSOLIDATED, INC., | ) **AND ORDER** |
|     Third Party Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Third-Party Plaintiff Walmart, Inc. ("Walmart"), has submitted a motion for leave to file an amended third-party complaint against Coca-Cola Consolidated, Inc. ("Coca-Cola"). [Record No. 63] Simply put, it seeks to add a claims for contractual indemnity against Coca-Cola. On the heels of Walmart's motion, Plaintiff Moran filed a third motion to amend her complaint to add Coca-Cola as a defendant to asserts claims against it directly. [Record No. 64] For the reasons outlined more fully below, Walmart's motion will be granted, but the plaintiff's motion will be denied.

**I.**

Moran claims to have been injured on September 25, 2020, when a soft drink display collapsed on her while she was shopping at a Walmart store in Berea, Kentucky. [Record No. 1] Moran moved to amend her Complaint on March 8, 2022, to add the Coca-Cola Company

-1-

as a defendant. That request was granted, and her amended Complaint was filed the next day. [Record No. 20] The Coca-Cola Company then entered an appearance and moved for summary judgment, asserting that the statute of limitations had run and that the claims made against it should be dismissed. [Record No. 33] Moran opposed the motion, but did not address the statute of limitations argument. [Record No. 34] Instead, she filed a second motion to amend her Complaint to add a different Coca-Cola entity as a new defendant. [Record No. 35]

The Court granted the Coca-Cola Company's motion for summary judgment because Moran's amendment was filed outside of the one-year statute of limitations and the amendment could not relate back to the filing of the original Complaint. The Court explained that, under relevant circuit authority, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." [Record No. 41 (citing *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010).] Relatedly, the Court denied Moran's second motion to amend her Complaint to add an additional Coca-Cola entity because the amendment was futile due to the expiration of the statute of limitations.

Thereafter, Walmart was granted leave to file a third-party complaint against Coca-Cola Consolidated, Inc. (here, referenced as "Coca-Cola") for indemnity because its claims were dependent on the resolution of Moran's main claim, and Walmart brought its motion within the time provided under this Court's Scheduling Order. [Record No. 45]

## II.

The court freely grants leave to amend a complaint when justice so requires. *See* Fed. R. Civ. P. 15. Specifically, the district court considers the following factors: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in

bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

Walmart seeks leave to file an amended third-party complaint to add a claim for contractual indemnity. [Record No. 63] In support, it indicates that it was unable to locate its agreement with Coca-Cola until June 15, 2022. [*Id.*] Walmart then "followed up with Coca-Cola several times," asking Coca-Cola to defend and indemnify Walmart as provided in the contract, but Coca-Cola allegedly refuses to honor the agreement. [*Id.*] There is no indication that Walmart is acting in bad faith, and no undue prejudice or lack of notice to adverse parties will result. This is Walmart's first motion to amend its third-party complaint, and its contractual indemnity claim is not time-barred. As a result, Walmart's motion will be granted.

### III.

Moran has filed a third motion to amend her complaint. [Record No. 64] Coca-Cola opposes the motion, contending that the plaintiff's claims cannot relate back to the filing of the original complaint, and Walmart's discovery of its contract does not give Moran "any cause of action." [Record No. 68]

The Federal Rules of Civil Procedure allow claims that are asserted after the statute of limitations has run to be considered if the claims "relate back" to the filing of the original complaint. Fed. R. Civ. P. 15. Generally, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010); *see also Kelter v. WASP, Inc.*, 5. F. Supp. 3d 856, 864-65 (W.D. Ky. 2014) (explaining that Rule

15(c) cannot be used to add a new party, it can only be used to correct "a misnamed plaintiff or exchange one party for another").

As indicated previously, Moran allegedly was injured on September 25, 2020, and personal injury claims have a one-year statute of limitations. *Moran v. Wal-Mart, Inc.*, No. 21-260, 2022 WL 2307383, at *1-2 (E.D. Ky. June 27, 2022). Moran's original complaint, filed August 12, 2021, did not name Coca-Cola as a defendant, and her efforts to add that company as a party began in March 2022, after the statute of limitations expired. But she now argues that Walmart's agreement with Coca-Cola constitutes newly discovered evidence under Rule 60 of the Federal Rules of Civil Procedure. Moran also contends that the agreement confirms "that the now Third-Party Defendant is responsible," and that equitable tolling allows her amendment because Walmart failed to identify the correct Coca-Cola bottler, despite Moran's requests.

As stated previously, Rule 60 applies only after a final judgment. 2022 WL 2307383, at *1. "Here, Moran still has claims pending against Walmart, and 'an order of dismissal as to less than all defendants is not a final order.'" *Id.* (citing *Davey v. St. John Health*, 297 F. App'x 466, 469 (6th Cir. 2008)). The proper mechanism is a motion to reconsider under 54(b) of the Federal Rules of Civil Procedure. *See Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). "Courts will reconsider an interlocutory order under Rule 54(b) if 'there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Christian v. Altaire Pharmaceuticals, Inc.*, No. 20-6360, 2021 WL 3578812, at *3 (6th Cir. Aug. 10, 2021). But here, the law has not changed, there is not a clear error or manifest injustice, and the identity of Coca-Cola was

-4-

discoverable before Walmart filed its agreement. *See Moran*, 2022 WL 2307383, at *3 (explaining how Moran could have located that information). Further, the agreement does not change the outcome of this case or this Court's previous decision denying Moran's motion to amend her complaint.[1] In other words, "the plaintiff has not come forth with any new evidence that would impact the outcome of this Court's determination." *Davenport v. Corrections Corp. of Am.*, No. Civ.A. 05-CV-86, 2005 WL 2456241, at *1 (E.D. Ky. Oct. 4, 2005).

Moran next argues that equitable tolling allows her to amend her complaint to add Coca-Cola as a party. But "federal courts sparingly bestow equitable tolling." *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560 (6th Cir. 2000) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Equitable tolling is ultimately "determined on a case-by-case basis"; however, the Sixth Circuit has provided the following five factors for guidance: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *see also Zappone v. United States*, 870 F.3d 551, 556, 560 (6th Cir. 2017) (discussing the equitable-tolling test and Kentucky' statute of limitations for personal injury). But again, as indicated in a previous opinion, Walmart's failure to locate its agreement with Coca-Cola and its "failure to identify the purported Coca-Cola entity responsible for the soft drink display within the limitations period is not an

---

[1] As stated in previous opinions, Moran also does not satisfy Rule 15 of the Federal Rules of Civil Procedure. *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem.").

exceptional or extraordinary circumstance outside of the plaintiff's control that would justify equitable tolling." *Moran*, 2022 WL 2307383, at *3. Moran could have identified the correct Coca-Cola entity prior to filing suit without a copy of Walmart's supply agreement. *See id.*

## IV.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Walmart's motion for leave to file an amended third-party complaint [Record No. 63] is **GRANTED**.

2. Plaintiff Veltra Moran's third motion to amend her complaint [Record No. 64] is **DENIED**.

Dated: October 11, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky